Receipt number 9998-5189615

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 1. | Baca, Quentin | ) |
| 2. | Bailey, Lephas | ) |
| 3. | Ballester, Christopher | ) |
| 4. | Beine, Kevin | ) |
| 5. | Bell, David | ) |
| 6. | Blam, Richard | ) |
| 7. | Crawford, Maximilian | ) |
| 8. | Crumrine, Matthew | ) |
| 9. | Dewey, John | ) |
| 10. | Diamond, Jeffrey | ) |
| 11. | Dobso, Michael | ) |
| 12. | Droz, Jean | ) |
| 13. | Elliotte, Brian | ) |
| 14. | Evangelista, Raynaldo | ) |
| 15. | Gerry, Vincent | ) |
| 16. | Gilbert, Cheryl | ) |
| 17. | Hamilton, James | ) |
| 18. | Hicks-Perry, LaShana | ) |
| 19. | Kearney, Patrick | ) |
| 20. | Kumor, Colin | ) |
| 21. | Leonowicz, Steven | ) |
| 22. | Lopez, Amanda | ) |

No. _____  19-213 C

| | | |
|---|---|---|
| 23. | Lovett, James | ) |
| | | ) |
| 24. | Meseke, Philip | ) |
| | | ) |
| 25. | Ortiz, Alejandro | ) |
| | | ) |
| 26. | Polakos, Peter | ) |
| | | ) |
| 27. | Presley, Roy | ) |
| | | ) |
| 28. | Redmond, Michael | ) |
| | | ) |
| 29. | Rushnock, Dustin | ) |
| | | ) |
| 30. | Russo, Michael | ) |
| | | ) |
| 31. | Thorne, Robert | ) |
| | | ) |
| 32. | Watford, Patrick | ) |
| | | ) |
| 33. | White, Lee Jamison | ) |
| | | ) |
| 34. | Wieder, Kirk | ) |
| | | ) |
| | Plaintiffs, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| The United States, | | ) |
| | | ) |
| | Defendant. | ) |
| | | ) |

**COMPLAINT**

1.      Plaintiffs identified in the caption of this Complaint, on behalf of themselves and those similarly situated, by and through their attorneys, allege for their complaint against Defendant United States as follows:

**INTRODUCTION**

2.      Plaintiffs are Air Traffic Controllers employed by the United States. The Air Traffic Controllers work at the Federal Aviation Administration ("FAA"). Their job is to ensure

the safe and expeditious flow of air traffic – both in the air and on the ground – at our nation's airports and in its radar rooms. Each day, the FAA's Air Traffic Controllers, and FAA employees in related positions, are responsible for ensuring the safe routing of tens of thousands of flights, often working long overtime hours to do so.

3.    Plaintiffs bring this action on behalf of themselves and other employees similarly situated for a declaratory judgment, backpay, and other relief, pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1346(a)(2), and 28 U.S.C. §§ 1491, 2201 and 2202, to remedy the defendant's willful and unlawful violations of federal law complained of herein.

4.    On December 22, 2018, at midnight, annual appropriations for the federal government lapsed at several executive agencies, causing a partial government shutdown. However, the FAA's appropriations did not lapse until midnight on December 23, 2018.  Once the appropriated funds for each agency were exhausted, "non-excepted" government employees were sent into furlough status and ceased working for the duration of the shutdown. "Excepted" employees, however, such as the plaintiffs here, were compelled to continue to work through the shutdown. The shutdown ended on January 25, 2019.

5.    Defendant United States has failed to compensate those "excepted employees" such as the plaintiffs, in accordance with the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Specifically, Defendant United States has failed to pay plaintiffs and similarly situated employees their wages at the required minimum wage and overtime rates in a timely fashion, as required by law, for their work performed in "excepted" status during the partial government shutdown.  Indeed, to date, defendant has failed to pay plaintiffs and similarly situated employees at the FAA for any overtime work that they performed during the time period between December 23, 2018, and January 25, 2019. Moreover,

defendant failed to pay plaintiffs and similarly situated employees at the FAA overtime pay in a timely fashion, for overtime worked between December 19 and December 22, 2018.  Separately and additionally, Defendant United States has violated the FLSA by failing to timely pay plaintiffs, and those similarly situated, the required minimum wages and overtime pay for work performed on December 23, 2018, *before* the exhaustion of the FAA's appropriated funds.

6.      Accordingly, this collective action seeks backpay, liquidated damages, and other relief against the United States for its failure to pay plaintiffs, and those similarly situated FAA employees in accordance with the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 201-219, and related federal law.

## JURISDICTION AND VENUE

7.      This collective action seeks damages and other relief against the United States based on the FLSA and other laws of the United States, and therefore this Court has jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331, 1346, 1491, and 29 U.S.C. § 216(b).

8.      Venue is proper pursuant to 28 U.S.C. § 1402 and 28 U.S.C. § 1491(a)(1).

## PARTIES

9.      Plaintiffs, as well as those similarly situated, are and have at all material times been employed as Air Traffic Controllers and in related support positions by the United States, through the FAA, and are non-exempt employees covered by the FLSA. 29 U.S.C. § 203(e)(A). Plaintiffs have each given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such consents are appended to this Complaint as Exhibit A. Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated FAA employees designated as "excepted" during the government shutdown (which began at the FAA on at 12:01 a.m. on December 24, 2018) in accordance with 29 U.S.C. § 216(b).

4

10.    Defendant United States is the United States Federal Government and is an "employer" and "public agency" within the meaning of 29 U.S.C. §§ 203(d), (x). Defendant employs the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

### The FLSA Requires Timely Payment to Plaintiffs of Overtime and the Minimum Wage

11.    Section 7(a) of the FLSA (29 U.S.C. § 207(a)) provides that an employer shall compensate its employees at a rate not less than one-and-one-half times their regular rate for each hour employed in excess of 40 hours per week.

12.    Additionally, the FLSA requires that employees shall be paid not less than $7.25 an hour for all hours worked. 29 U.S.C. § 206(a)(1).

13.    The FLSA requires that these payments be made in a reasonably timely fashion – that is, by the regularly scheduled pay day ("Scheduled Payday"). *See Martin v. United States*, 117 Fed. Cl. 611, 621 (2014) ("It is the view of the court that the government's payment to employees two weeks later than the Scheduled Paydays for work performed during the October 2013 budget impasse constituted an FLSA violation."); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993); *Coley v. Vannguard Urban Improvement Ass'n*, No. 12-CV-5565 (PKC) (RER), 2018 U.S. Dist. LEXIS 54609, at *43 (E.D.N.Y. 2018) ("Courts in this Circuit and elsewhere have held that two weeks is an unreasonable amount of time for an employer to delay a paycheck.").

14.    Plaintiffs and other Air Traffic Controllers at the FAA share the primary job duties of monitoring and directing the movement of aircraft on the ground and in the air; controlling ground traffic in airport runways and taxiways; issuing landing and takeoff

instructions to pilots; transferring control of departing flights and accepting control of arriving flights; informing pilots of critical information including weather and runway closures; and alerting airport response staff in the event of an aircraft emergency. Other similarly situated employees of the FAA provide support and assistance for these tasks and perform other job duties related to the safe and efficient operation of the nation's airways.

15.    For the critically important work that plaintiffs perform of ensuring the daily safety of our nation's millions of air travelers, plaintiffs and those similarly situated are paid following each biweekly pay period as set out in the Department of the Interior payroll schedule, available at https://www.doi.gov/ibc/resources/payroll-calendars.

16.    The final complete pay period of 2018 ("2018 PP27"), covers work performed from December 9, 2018, through December 22, 2018. The Scheduled Payday for 2018 PP27 was December 28, 2018. The next pay period, the first pay period of 2019 ("2019 PP1"), covers work performed from December 23, 2018, through January 5, 2019. The Scheduled Payday for 2019 PP1 was January 11, 2019. The next pay period ("2019 PP2") covers work performed from January 6, 2019, through January 19, 2019. The Scheduled Payday for 2019 PP2 was January 25, 2019.

17.    Plaintiffs, and those similarly situated, are FAA employees covered by the FLSA, who were designated as "excepted" status during the shutdown, which for the FAA began at 12:01 a.m. on December 24, 2018.  Plaintiffs' statutory right to on-time payment of overtime wages earned is governed by the FLSA.

***The Shutdown***

18.     On December 20, 2018, it was announced that President Donald J. Trump would refuse to sign the bill necessary to continue paying the devoted aviation safety professionals of the FAA, among many hundreds of thousands of other federal employees.

19.     Budget appropriation for a number of federal agencies then lapsed on December 22, 2018, beginning a partial government shutdown that continued through January 25, 2019, encompassing 35 days and multiple pay periods.

20.     The FAA, however, still had funds available to pay its workers after the partial government shutdown began. Specifically, the FAA did not exhaust its appropriated funds until 12:01 a.m. on December 24, 2018. At that time, non-excepted personnel were furloughed. Defendant directed excepted employees, including the air traffic controllers and other employees in related positions, to continue working their usual schedules, including scheduled overtime shifts, for the duration of the shutdown, and to do so without being paid.

21.     Plaintiffs, and those similarly situated, worked without pay in excepted status, at the direction and with the knowledge of the Defendant, for the duration of the government shutdown from midnight on December 23, 2018, to January 25, 2019.

22.     Plaintiffs and those similarly situated received no pay for work performed during the FAA's lapse in appropriations from 12:01 a.m. on December 24, 2018, through January 19, 2019, until on or about January 30, 2019, at the earliest, when plaintiffs received only partial payment for their regularly scheduled hours.

23.     Plaintiffs and those similarly situated received no pay for work performed on December 23, 2018, a day that the FAA still had funds. To the extent that any pay was paid for work performed on December 23, 2018, it should have been paid on January 11, 2019 (*i.e.*, the

Scheduled Payday for 2019 PP1), but was not paid until January 25, 2019, and even then, it did not include any overtime pay or premiums and is otherwise deficient.

24.    Further, to date, no plaintiff has received any payment for any overtime hours that they worked during 2019 PP1 and 2019 PP2, even though the Scheduled Paydays for those pay periods (i.e., January 11, 2019 and January 25, 2019) have passed and despite the fact that the Government has been open for business since January 25, 2019.

25.    Additionally, Defendant United States failed to issue timely overtime pay for plaintiffs and those similarly situated who worked overtime shifts during 2018 PP27, the pay period ending on December 22, 2018, even though the FAA was funded for that time period.

### Plaintiffs Were Not Timely Paid Minimum Wage For Work During the Shutdown

26.    Plaintiffs and those similarly situated were not timely compensated on their Scheduled Payday at the statutorily required minimum wage for the work they performed during the time period between December 24, 2018, and January 19, 2019, in violation of the FLSA.[1]

### Plaintiffs Were Not Timely Paid Overtime Pay For Overtime Worked During the Shutdown

27.    Plaintiffs, and those similarly situated, *even to this date*, have not received any payment for overtime work they performed during the FAA's lapse in appropriations from December 24, 2018, through January 19, 2019.

28.    Thus, plaintiffs and those similarly situated were not compensated at the statutorily required time-and-a-half overtime rate for the work they performed in excess of the 40-hour overtime threshold for the weeks of December 23, 2018 to December 29, 2018;

---

[1]    While the Government was shut down during the week of January 20 – 25, 2019, the Scheduled Payday for that workweek, which is the first workweek of 2019 PP3, is not until February 8.  Accordingly, payment for regular hours and overtime hours performed during the week of January 20 – 25, 2019, is not yet late.

December 30, 2018, to January 5, 2019; January 6, 2019, to January 12, 2019; and January 13, 2019, to January 19, 2019.

29.    For example, Plaintiff David Bell worked 41.25 hours during the week of December 30, 2018, to January 5, 2019. Plaintiff Bell is therefore entitled to pay at one-and-one-half times the regular rate for the 1.25 hours in excess of 40 hours for that work, but Defendant United States has failed to compensate Plaintiff for any of this overtime work.

30.    For further example, Plaintiff Matthew Crumrine worked 48 hours during the week of December 23, 2018, to December 29, 2018. Plaintiff Crumrine is therefore entitled to pay at one-and-one-half times the regular rate for the 8 hours of overtime work that he performed that week, but Defendant United States has failed to compensate Plaintiff for any of this overtime work.

31.    For further example, Plaintiff Amanda Lopez worked 48 hours during the week of December 23, 2018, to December 29, 2018. Plaintiff Lopez is therefore entitled to pay at one-and-one-half times her regular rate for the 8 hours of overtime work that she performed that week, but Defendant United States has failed to compensate Plaintiff for this overtime work. Additionally, Plaintiff Lopez worked 48 hours during the week of December 30, 2018, to January 5, 2019, but Defendant United States has yet to compensate Plaintiff for the 8 hours of overtime work performed that week.

32.    For further example, Plaintiff Lee Jamison White worked 48 hours during the week of December 23, 2018, to December 29, 2018. Plaintiff White is therefore entitled to pay at one-and-one-half times his regular rate of pay for the 8 hours of overtime work that he performed that week, but Defendant United States has failed to compensate Plaintiff for this overtime work.

***Plaintiffs Were Not Timely Paid Minimum Wage or Overtime Pay***
***For Overtime Worked on December 23, 2018, a Date on Which the FAA Was Funded***

33.     Additionally, plaintiffs and those similarly situated who worked at the direction of and with the knowledge of the defendant on December 23, 2018, prior to the exhaustion of FAA's appropriated funds, did not receive any pay for such work on their regular Scheduled Payday, which would have been January 11, 2019. Indeed, the Deputy Director in the Office of Financial Services at the FAA admitted in a sworn declaration filed in court on January 22, 2019, that "[t]he FAA had sufficient funding from the fiscal year 2018 Operations Account Appropriation to fund salaries for the first day of Pay Period 2019-01, December 23, 2018" but that "FAA employees that worked or who took paid leave on December 23, 2018 did not receive payment for this work or leave during Pay Period 2019-01." *See NATCA, et al. v. United States, et al.*, 1:19-cv-62-JRJL (ECF Dkt. 12-4 Declaration of Peter J. Basso III).

34.     To the extent that plaintiffs were paid anything for their regular hours for work performed on December 23, 2019, it was not until on or about January 25, 2019. Plaintiffs have yet to be paid for any overtime hours performed on December 23, 2019.

35.     Thus, plaintiffs and those similarly situated were not timely compensated at the statutorily required minimum wage for the work they performed on December 23, 2018, in violation of the FLSA. Further, in violation of the FLSA, plaintiffs and those similarly situated who performed overtime work in excess of the 40-hour overtime threshold during the week of December 23, 2018, to December 29, 2018, were not timely compensated at the statutorily required rate of one-and-one-half times their regular rates of pay for that overtime work because they have yet to be paid for that overtime work.

36.     For example, Plaintiff David Bell worked an eight-hour shift on December 23, 2018, and then returned to work an additional two hours of overtime that evening. Yet,

Defendant United States failed to compensate Plaintiff Bell for the work performed on December 23, 2018, on his Scheduled Payday even though the FAA was funded on December 23, 2018. He has still not been paid his overtime pay for that day.

37.    For further example, Plaintiff Raynaldo Evangelista worked an eight-hour shift on December 23, 2018, but Defendant United States failed to compensate Plaintiff Evangelista for the work performed on December 23, 2018, on his Scheduled Payday even though the FAA was funded on December 23, 2018. He was not paid for his regular hours worked on December 23, 2018, until on or about January 25, 2019.

38.    For further example, Plaintiff Cheryl Gilbert worked an eight-hour shift on December 23, 2018, but Defendant United States failed to compensate Plaintiff Gilbert for the work performed on December 23, 2018, on her Scheduled Payday even though the FAA was funded on December 23, 2018, and she was not paid until on or about January 25, 2019.

39.    For further example, Plaintiff Colin Kumor worked an eight-hour shift on December 23, 2018, but Defendant United States failed to compensate Plaintiff Kumor for the work performed on December 23, 2018, on his Scheduled Payday even though the FAA was funded on December 23, 2018, and he was not paid until on or about January 25, 2019.

40.    For further example, Plaintiff Alejandro Ortiz worked an eight-hour shift on December 23, 2018, but Defendant United States failed to compensate Plaintiff Ortiz for the work performed on December 23, 2018, on his Scheduled Payday even though the FAA was funded on December 23, 2018, and he was not paid until on or about January 25, 2019.

41.    For further example, Plaintiff Lee Jamison White worked 48 hours during the week of December 23, 2018, to December 29, 2018, including an eight-hour shift on the day of December 23, 2018. Defendant United States failed to compensate Plaintiff White for the work

performed on December 23, 2018, on his Scheduled Payday even though the FAA was funded

on December 23, 2018, and he was not paid for his regular work hours performed on December

23, 2019 until on or about January 25, 2019. Plaintiff White was also entitled to pay at one-and-

one-half times his regular rate of pay for that work, but Defendant United States has yet to pay

White for his overtime worked that week.

### Plaintiffs were not Timely Paid Overtime Pay for Overtime Worked During the Time Period Between December 19 and December 22, 2018

42.    Additionally, plaintiffs and those similarly situated who worked overtime shifts at

the direction of and with the knowledge of the defendant beyond the 40-hour overtime threshold

during 2018 PP27, the pay period ending on December 22, 2018, did not receive payment for

such overtime work on their Scheduled Payday, which was December 28, 2018.

43.    For work performed on and between December 19 and December 23, 2018,

plaintiffs and those similarly situated should have been paid on December 28, 2018. However,

some plaintiffs were paid on and between January 12, 2019, and January 15, 2019, and some

were paid on or about January 28, 2019, and January 29, 2019.

44.    Thus, plaintiffs and those similarly situated were not timely compensated at the

statutorily required time-and-a-half overtime rate for that overtime work, in violation of the

FLSA.

45.    For example, Plaintiff Amanda Lopez worked an eight-hour overtime shift on

December 19, 2018, in addition to 40 hours of additional, regularly scheduled work that week.

Plaintiff Lopez was entitled to pay at one-and-one-half times her regular rate of pay for that

work, but Defendant United States failed to pay Plaintiff Lopez at the lawful rate on her

Scheduled Payday, December 29, 2018, and instead delayed payment until on or about January

12, 2019, at the earliest, even though the FAA was funded for that time period, in violation of the FLSA.

46.     Defendants' ongoing failure to timely compensate plaintiffs and those similarly situated for their work protecting air travelers from harm violates the FLSA and related provisions of federal law.

## COUNT I

### FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206, FOR WORK PERFORMED DURING THE FAA'S LAPSE IN APPROPRIATED FUNDS

47.     Plaintiffs hereby incorporate paragraphs 1 through 46 in their entirety and restate them herein.

48.     The FLSA requires that employees shall be paid not less than $7.25 an hour for all hours worked. *See* 29 U.S.C. § 206(a)(1). The FLSA further guarantees on-time payment of such minimum wages for all covered employees, like plaintiffs and those similarly situated here, on the employee's regularly Scheduled Payday. Defendant United States has failed to compensate plaintiffs and those similarly situated, who are FLSA non-exempt, excepted employees, with any compensation, let alone the minimum wage for work performed beginning on December 24, 2018, on their regularly scheduled payday. The failure to issue timely payment at the minimum wage rate for all hours worked is a violation of the FLSA.

49.     Defendant's violations of the FLSA as alleged herein have been done in an intentional, willful, and bad faith manner.

50.     As a result of Defendant United States' willful and purposeful violations of the FLSA, there have become due and owing to each of the plaintiffs, as well as those similarly situated, various amounts that have not yet been precisely determined. The employment and work records for each plaintiff are in the exclusive custody and control of Defendant United

States and its public agencies and the plaintiffs are unable to state at this time the exact amounts

owing to each of them. Defendant United States and its public agencies are under a duty imposed

by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)), and

various statutory and regulatory provisions to maintain and preserve payroll and other

employment records with respect to plaintiffs and other employees similarly situated from which

the amounts of Defendant United States' liability can be ascertained.

51.     Pursuant to 29 U.S.C. § 216(b), plaintiffs and those similarly situated are entitled

to recover liquidated damages in an amount equal to their back-pay damages for Defendant

United States' failure to pay for all hours worked at or above the minimum wage.

52.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. §

216(b), as well as other applicable laws and regulations.

### COUNT II

**FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. § 207(a)
FOR WORK PERFORMED DURING THE FAA'S LAPSE IN APPROPRIATED FUNDS**

53.     Plaintiffs hereby incorporate paragraphs 1 through 52 in their entirety and restate

them herein.

54.     The FLSA guarantees the on-time payment of overtime wages at the rate of one

and one-half times the employee's regular rate of pay for hours worked in excess of forty (40)

hours a week. *See* 29 U.S.C. § 207(a). Defendant United States has failed to compensate

plaintiffs and those similarly situated, who are FLSA non-exempt, excepted employees, who

worked overtime hours in excess of forty (40) hours per week during the time period of

December 24, 2018, through January 19, 2019, and continuing to date.  To the extent the

Defendant ever pays for this overtime work, such payment will be untimely.

55.     Defendant has violated and continues to violate the provisions of the FLSA as alleged herein in an intentional, willful, and bad faith manner.

56.     As a result of Defendant United States' willful and purposeful violations of the FLSA, there have become due and owing to each of the plaintiffs, as well as those similarly situated, various amounts that have not yet been precisely determined. The employment and work records for each plaintiff are in the exclusive custody and control of Defendant United States and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant United States and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of Defendant United States' liability can be ascertained.

57.     Pursuant to 29 U.S.C. § 216(b), plaintiffs and those similarly situated are entitled to recover liquidated damages in an amount equal to their overtime back-pay damages for Defendant United States' failure to pay overtime compensation.

58.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), as well as other applicable laws and regulations.

## COUNT III

**FAILURE TO *TIMELY* PAY OVERTIME PURSUANT TO THE FLSA, 29 U.S.C. § 207(a) FOR WORK PERFORMED DURING THE FAA'S LAPSE IN APPROPRIATED FUNDS**

59.     Plaintiffs hereby incorporate paragraphs 1 through 58 in their entirety and restate them herein.

60.    The FLSA guarantees on-time payment of overtime wages earned for all covered employees, like plaintiffs and those similarly situated, on the employee's regularly Scheduled Payday. *See* 29 U.S.C. § 207(a). Defendant United States has failed to compensate plaintiffs and those similarly situated, who are FLSA non-exempt, excepted employees, overtime wages earned for the time period of December 23, 2018, through January 19, 2019, and continuing to date.  If the defendant does ever pay these FAA employees for their overtime pay worked during the shutdown, such payment will be beyond their Scheduled Payday, and untimely. The failure to issue timely payment for all hours suffered or permitted to work beyond the applicable forty-hour threshold violates the FLSA.

61.    Defendant has violated and continues to violate the provisions of the FLSA as alleged herein in an intentional, willful, and bad faith manner.

62.    As a result of Defendant United States' willful and purposeful violations of the FLSA, there have become due and owing to each of the plaintiffs, as well as those similarly situated, various amounts that have not yet been precisely determined. The employment and work records for each plaintiff are in the exclusive custody and control of Defendant United States and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant United States and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of Defendant United States' liability can be ascertained.

63.    Pursuant to 29 U.S.C. § 216(b), plaintiffs and those similarly situated are entitled to recover liquidated damages in an amount equal to their overtime back-pay damages for Defendant United States' failure to pay overtime compensation.

64.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), as well as other applicable laws and regulations.

## COUNT IV

**FAILURE TO TIMELY PAY MINIMUM WAGE AND OVERTIME
PURSUANT TO THE FLSA, 29 U.S.C. §§ 206, 207(a),
FOR WORK PERFORMED ON DECEMBER 23, 2018**

65.    Plaintiffs hereby incorporate paragraphs 1 through 64 in their entirety and restate them herein.

66.    The FLSA requires that employees shall be paid not less than $7.25 an hour for all hours worked. *See* 29 U.S.C. § 206(a)(1). The FLSA further guarantees on-time payment of such minimum wages for all covered employees, like plaintiffs and those similarly situated here, on the employee's regularly scheduled payday. Defendant United States failed to compensate plaintiffs and those similarly situated, who are FLSA non-exempt, excepted employees, minimum wage for work performed on December 23, 2018, on their regularly Scheduled Payday, in violation of the FLSA. *See* 29 U.S.C. § 206. The failure to issue timely payment at the minimum wage rate for all hours worked on that date violates the FLSA.

67.    Further, the FLSA guarantees on-time payment of overtime wages earned for all covered employees, like plaintiffs and those similarly situated, on the employee's regularly Scheduled Payday. Defendant United States has failed to compensate plaintiffs and those similarly situated, who are FLSA non-exempt, excepted employees, on their regular Scheduled Payday for overtime wages earned for the overtime work performed on December 23, 2018,

despite suffering or permitting plaintiffs and those similarly situated to work in excess of 40 hours during the week of December 23, 2018, to December 29, 2018. The failure to issue timely payment for all hours suffered or permitted to work beyond the applicable forty-hour threshold violates the FLSA.

68.    Defendant's violations of the FLSA as alleged herein have been done in an intentional, willful, and bad faith manner.

69.    As a result of Defendant United States' willful and purposeful violations of the FLSA, there have become due and owing to each of the plaintiffs, as well as those similarly situated, various amounts that have not yet been precisely determined. The employment and work records for each plaintiff are in the exclusive custody and control of Defendant United States and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant United States and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of Defendant United States' liability can be ascertained.

70.    Pursuant to 29 U.S.C. § 216(b), plaintiffs and those similarly situated are entitled to recover liquidated damages in an amount equal to their back-pay damages for Defendant United States' failure to pay for all hours worked on December 23, 2018 at or above the minimum wage.

71.    Pursuant to 29 U.S.C. § 216(b), plaintiffs and those similarly situated are entitled to recover liquidated damages in an amount equal to their overtime back-pay damages for

Defendant United States' failure to timely pay overtime compensation for overtime work performed on December 23, 2018.

72.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), as well as other applicable laws and regulations.

## COUNT V

**FAILURE TO TIMELY PAY OVERTIME
PURSUANT TO THE FLSA, 29 U.S.C. § 207(a),
FOR WORK PERFORMED ON THE PAY PERIOD ENDING DECEMBER 22, 2018**

73.    Plaintiffs hereby incorporate paragraphs 1 through 72 in their entirety and restate them herein.

74.    The FLSA guarantees on-time payment of overtime wages earned for all covered employees, like plaintiffs and those similarly situated, on the employee's regularly Scheduled Payday. Defendant United States has failed to compensate plaintiffs and those similarly situated, who are FLSA non-exempt, excepted employees, overtime wages earned for the overtime work performed during the pay period ending on December 22, 2018, despite suffering or permitting plaintiffs and those similarly situated to work in excess of 40 hours during the week of December 16, 2018, to December 22, 2018. The Scheduled Payday for work performed during this pay period was December 28, 2018. However, Defendant United States failed to issue payment for such overtime work until on or about January 12 -15, 2019, at the earliest, and for some plaintiffs delayed payment until on or about January 28-29, 2019. The failure to issue timely payment for all hours suffered or permitted to work beyond the applicable forty-hour threshold violate the FLSA. *See* 29 U.S.C. § 207(a).

75.    Defendant's violations of the FLSA as alleged herein have been done in an intentional, willful, and bad faith manner.

76.     As a result of Defendant United States' willful and purposeful violations of the FLSA, there have become due and owing to each of the plaintiffs, as well as those similarly situated, various amounts that have not yet been precisely determined. The employment and work records for each plaintiff are in the exclusive custody and control of Defendant United States and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant United States and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs and other employees similarly situated from which the amounts of Defendant United States' liability can be ascertained.

77.     Pursuant to 29 U.S.C. § 216(b), plaintiffs and those similarly situated are entitled to recover liquidated damages in an amount equal to their untimely paid overtime pay.

78.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), as well as other applicable laws and regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter each of the following forms of relief:

a.   Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

b.   Award each plaintiff and member of the collective action backpay as well as monetary liquidated damages equal to any unpaid or untimely paid minimum wage and overtime compensation earned since December 19, 2018, as well as interest thereon;

    c.   Award plaintiffs their reasonable attorneys' fees to be paid by Defendant United

        States, and the costs and disbursements of this action;

    d.   Certify this FLSA collective action; and

    e.   Grant such other relief as may be just and proper.


Dated: February 5, 2019                     Respectfully submitted,

/s/ *Molly A. Elkin*
Molly A. Elkin
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
Fax: (202) 452-1090
mae@wmlaborlaw.com

Counsel of Record for Plaintiffs

Gregory K. McGillivary
Sarah M. Block
John W. Stewart
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
Fax: (202) 452-1090
gkm@wmlaborlaw.com
smb@wmlaborlaw.com
jws@wmlaborlaw.com

Of Counsel for Plaintiffs